**Juan Rayon Mendoza ROJAS,**
**Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–05–00081–CR.**

Court of Appeals of Texas,
Tyler.

May 10, 2006.

Jo Al Cannon Sheridan, Moak & Sheridan, LLP, Jacksonville, for appellant.

Elmer C. Beckworth, Dist. Atty., Michael F. Westbrook, II, Asst. Dist. Atty., Rusk, for state.

Panel consisted of GRIFFITH, J., DeVASTO, J., and BASS, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by assignment.

## OPINION

BILL BASS, Justice.

This is a probation revocation case. Appellant pleaded guilty to the offense of burglary of a habitation in the Second Judicial District Court of Cherokee County before Judge Dwight Phifer. The court deferred an adjudication of guilt and placed Appellant on community supervision for ten years. Fifteen months later, after a hearing in the Second Judicial Court on the State's motion to revoke, Judge Phifer found Appellant guilty, revoked his probation, and sentenced him to eight years of imprisonment. However, the written judgment reflecting Judge Phifer's oral pronouncement and docket entry was mistakenly signed by Bascom Bentley, Judge of the Third Judicial District Court.[1] Appellant brings one issue on appeal contending that the signing of the judgment of revocation by a judge other than the judge who presided at the revocation hearing is fundamental error requiring reversal. We affirm.

### BACKGROUND

The facts are undisputed. Appellant's probation was revoked in the same court by the same judge who placed him on probation. The written judgment shows the matter was heard in the Second Judicial District Court. The judgment accurately records Judge Phi-

fer's oral pronouncement and docket entry, but incorrectly states that Richard Mayhan represented Appellant at trial rather than Sten Langsjoen who actually represented him.

The record is devoid of any evidence that the case was properly transferred or that a judge other than Judge Phifer had authority to sign the judgment. Judge Bentley's only involvement with the case was his apparently inadvertent signing of the judgment.

### DISCUSSION

■ Only the court in which the defendant was tried may grant community supervision, impose conditions, revoke the community supervision, or discharge the defendant, unless the judge has transferred jurisdiction of the case to another court with the latter's consent. TEX.CODE CRIM. PROC. ANN. art. 42.12 § 10(a) (Vernon Pamph. Supp.2005).

■ Appellant contends that Judge Bentley's erroneous signing of the judgment violates Article 42.12, Section 10(a) of the Code of Criminal Procedure and is fundamental error. We conclude, however, that Article 42.12, Section 10(a) was not violated. Judge Phifer granted Appellant community supervision as required by Article 42.12, Section 10(a) and was also the judge who revoked Appellant's probation and sentenced him. Although Judge Bentley signed the judgment, it is undisputed that it accurately recorded the judgment Judge Phifer rendered.[2] The Texas Court of Criminal Appeals recently observed that "[w]hen there is a conflict between the oral

---

1. Both the 2nd and 3rd judicial districts include Cherokee County.

2. See Jones v. State, 795 S.W.2d 199 (Tex. Crim.App.1990) for the relationship between "rendition" and "entry" of judgment. "Briefly stated, the former is an event which the

latter records. Thus, a judgment may be "entered" nunc pro tunc if it was in fact "rendered," but not recorded at an earlier time. A judgment may not be rendered nunc pro tunc under any circumstances." Id. at 201 (citations omitted).

pronouncement of sentence in open court and the sentence set out in the written judgment, the oral pronouncement controls." *Thompson v. State,* 108 S.W.3d 287, 290 (Tex.Crim.App.2003). "A trial court's pronouncement of sentence is oral, while the judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement." *Ex parte Madding,* 70 S.W.3d 131, 135 (Tex.Crim.App.2002).

■ Although we conclude that the proceedings in the trial court complied with Article 42.12, Section 10(a), there is error when the wrong judge's signature appears on the judgment. We must, nevertheless, disregard any nonconstitutional error that does not affect Appellant's substantial rights. TEX.R.APP. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious or influence on the outcome. *See King v. State,* 953 S.W.2d 266, 271 (Tex.Crim.App.1997). Judge Bentley's signing the judgment instead of Judge Phifer had no effect or influence on the outcome. The sentence contained in the written judgment was identical with that orally pronounced. The error was harmless. Appellant's sole issue is overruled.

### DISPOSITION

The judgment is *affirmed.*